**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION**

| | |
|---|---|
| EDUARDO RIVAS FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BLUESOURCE, LLC,<br><br>Defendant. | CIV. A. NO.<br><br>JURY TRIAL DEMANDED<br><br>CLASS/COLLECTIVE ACTION<br><br>PURSUANT TO 29 U.S.C. § 216(b)/ FED. R. CIV. P. 23 |

**PLAINTIFF'S COLLECTIVE ACTION
AND CLASS ACTION COMPLAINT**

### I.  SUMMARY

1.  Eduardo Rivas Fernandez (Fernandez) brings this lawsuit to recover unpaid overtime wages and other damages from Bluesource, LLC (Bluesource) under the provisions of section 216(b) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended 29 U.S.C. §§ 201, et seq., the Puerto Rico Wage Payment Statute (the "PRWPS"), 29 L.P.R.A. §§ 171, et seq., §§ 250, et seq., and §§ 271, et seq.

2.  Fernandez and those similarly situated regularly worked for Bluesource in excess of 40 hours each week. As shown below, Bluesource failed to properly compensate Fernandez and all other similarly situated workers. When these workers were paid a day rate, they were not paid overtime. When they were paid hourly, Bluesource failed to properly calculate their rate of pay, by failing to include all remuneration received, thereby depriving them of the appropriate rate of overtime pay.

Bluesource also improperly classified Fernandez and those similarly situated as independent contractors. This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

4. Venue is proper in the U.S. District Court Southern District of Florida, Fort Lauderdale Division pursuant to 28 U.S.C. § 1391(b).

5. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

6. Bluesource maintains its headquarters in Durham, North Carolina in the U.S. District Court Middle District of North Carolina, Durham Division.

## III. PARTIES

### A. Eduardo Rivas Fernandez

7. Fernandez is an adult resident of Puerto Rico. His written consent to be a party Plaintiff is on file with this Court.

8. Fernandez worked for Bluesource from November 2017 to October 2018. He was hired as a master electrician through Bluesource and performed work on electric generators for ACP, Bluesource, and Louis Berger in Puerto Rico.

9. He was paid a flat day-rate of $450 per day regardless of the number of hours he worked. He customarily worked 12 or more hours a day, and consistently worked over 60 hours a week. He was not paid overtime for hours worked over 40 in a workweek. He was allowed one lunch break but no other breaks.

10. Fernandez was later paid hourly for his work, but when he was paid hourly, his "fringe" pay was not included in his regular rate. His paychecks therefore did not include all remuneration into calculating the overtime that he should have received.

### B. Opt-In Plaintiffs

11. The following Plaintiffs who have opted into this matter were also employed by Bluesource (the "Opt-In Plaintiffs"):

Angela McGovern

Eduardo Rivas Fernandez

Miguel Isaac-Alicea

Rolando Arroyo-Bracero

Elveen Samalot- Lopez

Raymond Torres-Roman

Alejandro Martinez

Jason Roman Pagan

Wigberto Torres Rivera

Emely Rivera

Roberto Silva

Ruben Santana-Torres

Luis A Ruiz-Rosado

Gabriel Ortiz-Negron

Rene Y Gonzalez-Ramos

Israel Dilan

Jose A. Lugo

David Rosa Malave

Gabriel Cochran

Raymond Diaz

Roxanna Feliciano

Ernesto Vazquez- Roche

Tali Albarran

Ivan Rosario-Pantoja

Axel Ledesma-Hernandez

Eric Delgado Ortiz

Luis A Miranda

Animari Otero

Brian A. Colon

Chase Criswell

Reynaldo Marquez Perez

Angel Lopez-Perez

Jonathan Tirado-Doncel

Heidy Soler

Amanda Motes

Jaime E Rubio

Kristian Abrams

Edwin Rivera-Serrano

Miguel Dones-Lopez

Jason Pagan-Castellano

Dolores Oliver

Keishla Andino

Logan Menser

Lorny Seda

Johnny Rivera-Vega

Angel Ortiz

Jared Burcham

Billy Carpenter

Josh Farrar

Michael Cedus

Earl Copeland

Brent Sandefur

Patrick Hall

>    Willie Britt
>
>    Michael Liston
>
>    Isaac Barrett
>
>    Adan Sanchez Rivera
>
>    Jonathan Hornback
>
>    Daniel Velasquez-Ortiz

12. These Opt-in Plaintiffs worked through Bluesource for Louis Berger in Puerto Rico.

13. Like Fernandez, the Opt-in Plaintiffs were paid a day rate without overtime compensation.

14. Like Fernandez, the Opt-in Plaintiffs provided relief work after the hurricanes.

15. The Opt-in Plaintiffs customarily worked 12 or more hours a day, and consistently worked over 60 hours a week. They were not paid overtime for hours worked over 40 in a workweek.

**C. Fernandez represents multiple proposed classes under the FLSA and Rule 23**

16. Fernandez brings this action on behalf of multiple classes. First, Fernandez brings this action individually and on behalf of all other similarly situated workers who were classified as independent contractors and paid by Bluesource's day-rate system. Bluesource paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek. The class of similarly situated employees or potential class members sought to be certified is defined as follows (the "Day Rate Class"):

> **All workers employed by or on behalf of Bluesource and any subsidiaries, alter egos, or co-employers who were classified as independent contractors and paid a day-rate while staffed to Louis Berger.**

17. Plaintiff Fernandez also brings this action individually and on behalf of all other similarly situated workers who were classified as independent contractors and paid by Bluesource as hourly employees, whose overtime rate was improperly calculated. The class of similarly situated employees or potential class members sought to be certified is defined as follows (the "Hourly Class"):

> **All workers employed by or on behalf of Bluesource and any subsidiaries, alter egos, or co-employers who were classified as independent contractors and received an hourly rate plus fringe payments while staffed to Louis Berger.**

18. The Day Rate Class and the Hourly Class are collectively the "Putative Class Members."

19. Fernandez further seeks class certification pursuant to FED. R. CIV. P. 23 under Puerto Rico Law (the "Puerto Rico Class").

20. Fernandez brings this action on behalf of themselves and on behalf of the Puerto Rico Class:

> **All workers employed by or on behalf of Bluesource and any subsidiaries, alter egos, or co-employers who were classified as independent contractors and paid a day-rate or received an hourly rate plus fringe payments in Puerto Rico while staffed to Louis Berger.**

21. Defendant Bluesource, LLC is a North Carolina limited liability company. It has made a special appearance in this case.

22. Bluesource and Louis Berger worked together in concert to employ the Putative Class Members in Puerto Rico.

23. A Wage & Hour investigation was conducted regarding Louis Berger and Bluesource's pay practices.

24. The Case ID is 1841216.

25. Louis Berger agreed to pay more than $5,000,000.00 in back wages for it and the subcontractors.

26. One of these subcontractors was Bluesource.

27. The pay practices found to be overtime violations are the same pay practices which Fernandez and the Putative Class Members were subjected to and are at issue in this lawsuit.

### IV. COVERAGE UNDER THE FLSA

28. At all times hereinafter mentioned, Bluesource has been an employer within the

6

meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

29. At all times hereinafter mentioned, Bluesource has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

30. At all times hereinafter mentioned, Bluesource has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as relief work equipment, hand tools, computers, automobiles, and cell phones – by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

31. At all times hereinafter mentioned, Fernandez and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

32. At all times hereinafter mentioned, Bluesource has been an employer within the meaning of 29 L.P.R.A. § 250b and 24 V.I.C. § 1 et seq.

33. As will be shown through this litigation, Bluesource treated Fernandez, and indeed all of their hurricane relief workers that were classified as independent contractors or employees and paid a daily rate without overtime compensation or whose overtime rate was miscalculated.

34. Bluesource's misclassification of Fernandez and the Putative Class Members as independent contractors does not alter their status as employers for purposes of this FLSA collective or class action.

## V.     FACTS

35.     Following the massive devastation caused by Hurricane Irma and Hurricane Maria, FEMA and other state and federal governmental departments, such as the Department of the Army implemented programs to provide aid and repairs to Puerto Rico and the Virgin Islands.

36.     As of November 1, 2018, FEMA alone awarded more than $4 billion for public assistance programs.[1]

37.     As part of these efforts, Louis Berger was awarded multiple contracts for power generation and repair.  It deployed "more than 300 staff and independent contractors on the ground in support of the Federal Emergency Management Agency (FEMA), U.S. Army Corps of Engineers (USACE), U.S. Postal Service (USPS) and Defense Logistics Agency (DLA) missions to bring much needed manpower, equipment and supplies" to residents of Puerto Rico[2] and the Virgin Islands.

38.     Louis Berger was the prime contractor and subcontracted this work through Bluesource and other subcontractors. Upon information and belief, Louis Berger and Bluesource shared supervision and control of Fernandez and the Putative Class Members' work schedules, determined their rate and method of payment, and jointly maintained employment records for work performed under the governmental programs. These entities jointly provided delivery, repairs, and service and maintenance on generators for use in Puerto Rico and the Virgin Islands.

39.     To implement this work, the Bluesource hired workers such as Fernandez to perform skilled and manual labor to provide handyman, laborer, or mechanic services.

40.     For this work, Fernandez and the Putative Class Members were misclassified as independent contractors.  While exact job titles and job duties may differ, these workers are subjected to the same or similar illegal pay practices for similar work.

---

[1] https://www.fema.gov/news-release/2018/11/01/fema-public-assistance-funding-tops-4-billion-puerto-rico
[2] https://www.louisberger.com/news/relief-bound-puerto-rico-and-virgin-islands

41. For the Day Rate Class, Bluesource classified all of these workers as independent contractors and paid them a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

42. For the Hourly Class, Bluesource improperly excluded certain payments it called "fringe" payments from the regular rate of pay, and as a result Fernandez and the Hourly Class members were not paid overtime at the proper overtime rate required by federal law.

43. Bluesource's pay practices violate the FLSA and Puerto Rico wage laws.

44. Fernandez and the Putative Class Members generally provided labor, transportation, and/or mechanical services in connection with restoration of power in Puerto Rico after the hurricanes, including installing, maintaining, servicing, and fueling generators. Initially, some were paid a day rate by Bluesource, but were then switched to hourly pay, paid him an overtime rate, as well as some "fringe" pay. Even though in certain instances the overtime rate was 1.5 times the regular hourly rate; it did not incorporate the fringe pay and as a result the overtime rate was improper.

45. Fernandez and the Putative Class Members had no power to hire or fire other workers. All aspects of their work were controlled by Bluesource and Louis Berger. Bluesource and Louis Berger retained the authority to hire and fire, they issued pay, supervised, controlled, and directed Fernandez and the Putative Class Members, and they controlled all aspects of Fernandez and the Putative Class Members' job activities.

46. Bluesource and Louis Berger set Fernandez and the Putative Class Members' rates of pay and work schedule and prohibited them from working other jobs for other companies while they were working on jobs for Bluesource. Bluesource and Louis Berger directly determined Fernandez and the Putative Class Members' opportunity for profit and loss. Fernandez and the Putative Class Members' earning opportunity was based on the number of days Bluesource scheduled them to work.

47. Bluesource and Louis Berger ordered the hours and locations Fernandez and the Putative Class Members worked, tools used, and rates of pay received.

48. Fernandez and the Putative Class Members were economically dependent on Bluesource and Louis Berger during their employment.

49. Fernandez and the Putative Class Members did not incur operating expenses like rent, payroll, marketing, and insurance.

50. No real investment was required of Fernandez or the members of the Putative Class to perform their jobs; they did not bring building supplies, tools, or equipment to the island. These items were provided by Bluesource and Louis Berger or its clients.

51. The job functions of Fernandez and the members of the Putative Class were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree.

52. The members of the Putative Classes did not have any supervisory or management duties. Finally, for the purposes of their overtime claims, the members of the Putative Class performed substantially similar job duties related to repair work and maintenance on generators for use in Puerto Rico's recovery efforts.

53. Fernandez performed routine transportation, manual, and technical labor duties that were largely dictated by Bluesource and Louis Berger and/or their clients.

54. All of the members of the Putative Classes performed the same or similar job duties and are subjected to the same or similar policies and procedures, which dictate the day-to-day activities performed by each person.

55. The members of the Putative Class also worked similar hours and were denied overtime as a result of the same illegal pay practice. They all worked in excess of 40 hours each week and were often scheduled for 12 hour shifts for weeks at a time. Instead of paying them overtime,

Bluesource paid the members of the Putative Classes a day-rate or an inappropriate overtime rate and misclassified them as independent contractors.

56. Bluesource's policy of failing to properly pay its independent contractors, including Fernandez, violates the FLSA because these workers are, for all purposes, employees performing non-exempt job duties.

57. Because Fernandez and the Putative Class Members were misclassified as independent contractors by Bluesource and/or paid the incorrect overtime rate, they should receive the correct amount of overtime for all hours that they worked in excess of 40 hours in each workweek.

58. Bluesource's day-rate system and fringe pay practices violate the FLSA because Fernandez and the Putative Class Members did not receive the correct amount of pay for hours worked over 40 hours each week.

## VI. FLSA VIOLATIONS

59. As set forth herein, Bluesource has violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

60. Bluesource knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Bluesource's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

61. Accordingly, Fernandez and the Putative Class Members are entitled to overtime wages, plus liquidated damages, attorney's fees and costs.

## VII. PUERTO RICO VIOLATIONS

62. Fernandez brings this claim under Puerto Rico law as a Rule 23 class action.

63. Puerto Rico law requires employers like Bluesource to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Bluesource was subject to Puerto Rico Law and Fernandez and the Puerto Rico Class Members are entitled to overtime pay under this law. P.R. Laws Ann. tit. 29 § 271 et seq ("Law 379").

64. Bluesource has violated Puerto Rico law by failing to compensate their employees for hours worked in excess of 40 hours per week at rates less than 1 and ½ times the regular rates for which they were employed.

65. Puerto Rico Code 29 L.P.R.A. § 171, et seq., limits the deductions that can be taken from a worker's wages. Bluesource made illegal deductions from the wages of Fernandez and the Putative Class Members. These deductions were not authorized and were done willfully.

66. Puerto Rico Code 29 L.P.R.A. § 173 requires employers to pay their employees for all hours worked, at intervals not to exceed 15 days. If employee is dismissed from work, he must be paid no later than the next official payday. Bluesource regularly and willfully failed to properly pay Fernandez and the Putative Class Members and failed to do so in the time required. Puerto Rico Code provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages of an amount equal to the amount owed, costs, attorney's fees, and other appropriate relief. 29 L.P.R.A. § 177.

67. Puerto Rico Code 29 L.P.R.A. § 185a, et seq., applies to protect workers from wrongful discharge. Any employee who is terminated without just cause is entitled to mandatory severance under Puerto Rico law. "Just cause for discharge of an employee shall be understood to be that which is not based on legally prohibited reasons and on a whim of the employer." 29 L.P.R.A. § 185b.

Bluesource willfully violated these statutes when Fernandez or the Putative Class Members were terminated without just cause and not paid the required severance.

68. Puerto Rico Code 29 L.P.R.A. § 250 et seq., mirrors the federal requirements for minimum wage. On several occasions, Bluesource failed to pay members of the class for hours worked. These class members regularly performed manual labor for 10 and 12 hour periods per day but were underpaid or not paid for altogether for this work. Bluesource willfully violated these sections by failing to pay Fernandez and the Putative Class Members for all hours worked.

69. Puerto Rico Code 29 L.P.R.A. § 271, et seq., mandates that regular working hours for non-exempt employees are eight (8) hours per day, and forty (40) hours per week. All hours worked in excess of eight hours in any work day or forty hours in a week must be compensated as overtime. 29 L.P.R.A. § 273(a), §274. Bluesource willfully violated these sections by failing to properly compensate Fernandez and the Putative Class Members for all hours actually worked in excess of eight per day or forty per week. Fernandez and the Putative Class Members regularly worked in excess of 12 hours per day, 6-7 days per week.

70. Puerto Rico Code 29 L.P.R.A. § 283 regulates the meal periods granted to workers. All non-exempt employees are entitled to 1 hour for a meal, to be taken between the third and sixth consecutive hours of work. An "employer who requires or allows an employee to work for a period longer than five (5) consecutive hours, without providing a meal period, must pay the employee an extraordinary compensation for the time worked" at a rate of one and a half times the regular rate of pay. *Id.* Bluesource willfully violated this section by requiring or failing to allow Fernandez and the Putative Class Members their regular meal periods.

71. Puerto Rico Code 29 L.P.R.A. § 501, et seq., requires employers to pay workers who have worked a certain number of hours a bonus (commonly called a "Christmas Bonus"). This bonus is provided in addition to any other wages or benefits of any other kind to which an employee

is entitled. *Id.* Bluesource employed the requisite number of workers, but willfully failed to pay a bonus to those Putative Class Members who qualified.

72. As a result of Bluesource's willful violations of the applicable Puerto Rico Labor Laws, Fernandez and the Putative Class Members are entitled to recover their respective unpaid compensation, liquidated damages (double damages), as provided for by the Puerto Rico Labor Law, attorneys' fees and costs, pre- and post- judgment interest, and such other legal and equitable relief as this Court deems just and proper.

73. Accordingly, Fernandez and the Puerto Rico Class Members are entitled to overtime wages under Puerto Rico law in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VIII. CLASS AND COLLECTIVE ACTION ALLEGATIONS

74. Fernandez incorporate all previous paragraphs and alleges that the illegal pay practices Bluesource imposed on Fernandez were likewise imposed on the Putative Class Members.

75. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and Puerto Rico law.

76. Numerous other individuals who worked with Fernandez indicated they were improperly classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

77. Based on their experiences and tenure with Bluesource, Fernandez is aware that Bluesource's illegal practices were imposed on the Putative Class Members. At this time, dozens employees of Bluesource have opted in to this litigation.

78. The members of the Day Rate Class were all improperly classified as independent contractors and not afforded the overtime compensation when they worked in excess of 40 per week.

79. The members of the Hourly Class were all improperly classified as independent contractors and not paid the correct rate for their hours worked in excess of 40 per week.

80. Bluesource's failure to pay appropriate wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

81. Fernandez's experiences are therefore typical of the experiences of the Putative Class Members.

82. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

83. Fernandez has no interests contrary to, or in conflict with, the Putative Class Members. Like each member of the Putative Class, Fernandez has an interest in obtaining the unpaid overtime wages owed under federal law.

84. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

85. Absent this action, many members of the Putative Class likely will not obtain redress of their injuries and Bluesource will reap the unjust benefits of violating the FLSA and Puerto Rico law.

86. Furthermore, even if some of the members of the Classes could afford individual litigation against Bluesource, it would be unduly burdensome to the judicial system.

87. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

88. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a) Whether Bluesource employed the members of the Classes within the meaning of the FLSA or state law;

    b) Whether the members of the Classes were improperly misclassified as independent contractors;

    c) Whether Bluesource's decision to classify the members of the Classes as independent contractors was made in good faith;

    d) Whether Bluesource's decision to not pay the correct amount for overtime to the members of the Classes was made in good faith;

    e) Whether Bluesource's violation of the FLSA was willful; and

    f) Whether Bluesource's illegal pay practices were applied uniformly to all members of the Classes.

89. Fernandez's claims are typical of the claims of the Putative Class Members. Fernandez and the Putative Class Members sustained damages arising out of Bluesource's illegal and uniform employment policy.

90. Fernandez knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

91. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### IX.    JURY DEMAND

92. Fernandez demands a trial by jury.

### X.    RELIEF SOUGHT

93. WHEREFORE, Fernandez prays for judgment against Bluesource as follows:

a. For an Order designating the Day Rate Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order designating the Hourly Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

c. For an Order pursuant to Section 16(b) of the FLSA finding Bluesource liable for unpaid back wages due to Fernandez and the Putative Classes for liquidated damages equal in amount to their unpaid compensation;

d. For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

e. For an Order appointing Fernandez and his counsel as Class Counsel to represent the interests of the both the federal and Puerto Rico Class;

f. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

g. For an Order granting such other and further relief as may be necessary and appropriate.

Dated:  New York, New York
    April 26, 2021

            Respectfully submitted,

            */s/ Dana Cimera*
            Dana M. Cimera
            **FITAPELLI & SCHAFFER, LLP**
            Dana M. Cimera
            28 Liberty Street, 30th Floor
            New York, NY 10005
            Telephone: (212) 300-0375

            Michael A. Josephson
            Texas Bar No. 24014780
            Richard M. Schreiber
            State Bar No. 24056278
            Andrew Dunlap
            Texas Bar No. 24078444
            **JOSEPHSON DUNLAP, LLP**
            11 Greenway Plaza, Suite 3050
            Houston, Texas 77046
            713-352-1100 – Telephone
            713-352-3300 – Facsimile
            mjosephson@mybackwages.com
            adunlap@mybackwages.com
            rschreiber@mybackwages.com

            **AND**

            Richard J. (Rex) Burch
            Texas Bar No. 24001807
            **BRUCKNER BURCH, PLLC**
            8 Greenway Plaza, Suite 1500
            Houston, Texas 77046
            Telephone: (713) 877-8788
            Telecopier: (713) 877-8065
            rburch@brucknerburch.com

**CERTIFICATE OF SERVICE**

     I served a copy of this document on all counsel of record via the Court's ECF system and the Federal Rules of Civil Procedure on April 26, 2021.

                                                  */s/ Dana Cimera*
                                                Dana Cimera